Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Jacksen Reed

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JACKSEN REED,** an individual<br><br>Plaintiff<br><br>v.<br><br>**BROOKDALE SENIOR LIVING COMMUNITIES, INC.**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>(ORS 659A.199)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

As an employee of an assisted living facility, Plaintiff Jacksen Reed ("Plaintiff" or "Mr. Reed) had a legal duty to report elder abuse when he witnessed it. Mr. Reed witnessed employees of Defendant's assisted living facility abusing a resident. After making multiple unsuccessful attempts to stop the abuse , Mr. Reed contacted the police. Defendant immediately fired him for having done so. Mr. Reed brings this action against Defendant Brookdale Senior Living Communities, Inc. for retaliation, in violation of ORS 659A.199 for that termination.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.  The amount in controversy, exclusive of interest or costs, exceeds the sum specified in 28 U.S.C. § 1332.

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Linn County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Jacksen Reed ("Mr. Reed") is a citizen of Oregon. Mr. Reed worked for Defendant, most recently as a receptionist, since June 10th, 2014, which position Mr. Reed held at the time that Defendant discharged him.  As a senior center employee, Mr. Reed had a duty to report elder abuse he witnessed, pursuant to ORS 124.060, during his entire tenure of employment with Defendant.

6.

Defendant owns and operates senior living centers throughout the United States. Defendant is incorporated in Delaware, with a principal place of business in Tennessee. Defendant owned and operated Brookdale Geary Street, in Albany, Oregon, the senior center location where Mr. Reed worked (hereinafter "Brookdale Geary Street").

## **FACTUAL ALLEGATIONS**

7.

One of the wheelchair-bound residents of Brookdale Geary Street had a condition that made her feel as though she had to go to the bathroom very frequently. Defendant wrote a care plan for this resident that required the caregivers to take her to the bathroom only every 120 minutes, even though she had to go more frequently than that.

8.

The caregivers frequently refused to take this resident to the bathroom, despite her pleas that they do so. Mr. Reed made several internal reports about the abuse of this resident he witnessed, but Defendant did not adequately correct the situation. At Mr. Reed's urging, Defendant agreed to require caregivers to take her to the toilet every 90 minutes, but no more frequently than that.

9.

On or about July 1st, 2023, this resident went to the facility's front desk, where Mr. Reed was working, pleading to be taken to the bathroom. Since Mr. Reed was responsible for working at the front desk, he contacted caregivers to take the resident to the bathroom. The caregivers refused to take the resident to the bathroom because 90 minutes had not yet elapsed from the time that they last brought the resident to the bathroom.

10.

Mr. Reed contacted Defendant's Executive Director of the facility by text several times, but the Executive director did not respond. Mr. Reed told the Executive Director that, if he did not call back, Mr. Reed would have to report the elder abuse. The Executive Director did not return that call, either.

11.

Mr. Reed then called the police to report Defendant's elder abuse of this resident, and texted the facility's Executive Director to tell him that Mr. Reed had reported the elder abuse to the police several minutes earlier. The Executive Director then called Mr. Reed and told him that he was "not allowed to make reports outside of this building." The Executive Director immediately fired Mr. Reed.

## CLAIM FOR RELIEF
## (ORS 659A.199)

12.

Mr. Reed re-alleges paragraphs 1 through 11.

13.

Defendant discriminated against Mr. Reed, in violation of ORS 659A.199, by firing him in retaliation for having made a complaint to the police, in good faith, of what Mr. Reed believed to be a violation of Oregon law, which prohibits elder abuse.

14.

Mr. Reed has suffered economic damages as a result of Defendant's illegal termination of him in an amount to be determined by the jury. Mr. Reed has also suffered non-economic damages, including emotional distress and humiliation as a result of Defendant's illegal termination of him. These damages are continuing. Mr. Reed is entitled to recover payment for these damages in an amount to be determined by the jury but not to exceed $500,000.

///

///

15.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Mr. Reed's rights, entitling him to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

16.

Mr. Reed is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885.  Mr. Reed is entitled to pre-judgment and post-judgment interest on these claims as well.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against Defendant:

a. Economic damages, including but not limited to, lost wages in an amount to be proven at trial;

b. Compensatory damages in an amount to be proven at trial;

c. Punitive damages in an amount to be proven at trial;

d. Costs in this action, including his reasonable attorney fees, costs, and expert witness fees;

e. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

f. Such other and further relief as the Court deems just and proper.

DATED this December 1st, 2023

    s/ *Andrew Lewinter*
    Andrew Lewinter OSB # 080031